UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALONZO HARRIS,

Plaintiff,                                     **COMPLAINT**

- against -

CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
RAYMOND KELLY, Commissioner of the NYC Police
Department,
INSPECTOR MICHAEL C. PHIPPS,
SERGEANT STEPHEN HERNANDEZ,
LIEUTENANT DAVID SMITH,
DEPUTY INSPECTOR THOMAS HOGAN, and
LIEUTENANT KENNETH HARSCH,
all being sued in their individual and professional capacities,

Defendants.
-------------------------------------------------------------------X

RECEIVED
JUL 12 2013
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff ALONZO HARRIS, by his attorneys CRONIN & BYCZEK, LLP, complaining

of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,

RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL

C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH,

DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, each

being sued in their individual and official capacities as employees of the CITY, allege that:

## NATURE OF ACTION

1. This is an action for equitable relief and money damages on behalf of plaintiff ALONZO

   HARRIS, (hereinafter referred to as "Plaintiff") who was, and who is prospectively deprived

   of his statutory and constitutional rights as a result of the defendants' policies and practices

   of discrimination based upon his race, color, hostile work environment and retaliation. Said

   policies were implemented under color of law.

1

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to

    secure protection of and to redress deprivation of rights secured by:

    a.  Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII")

        providing for injunctive and other relief against discrimination in employment on the

        basis of race and color;

    b.  The Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all

        persons in their civil rights and the redress of deprivation of rights under color of

        law;

    c.  The unlawful employment practices, violations of plaintiff's civil rights and tortious

        acts complained of herein were committed within the Southern District of New

        York.

3.  The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's

    claims under New York State Executive Law § 296; and New York City Administrative

    Code § 8-502, pursuant to 28 U.S.C. § 1367, because the entire action before the court

    comprises one constitutional and civil rights case, and the claims arise out of the same

    common nucleus of facts and are such that the plaintiff would ordinarily be expected to try

    them in one judicial proceeding.

## PLAINTIFF

4.  Plaintiff is a male African American citizen of the United States of America and is over

    twenty-one (21) years of age, a resident of Bronx County and the State of New York and is an

    employee of defendant CITY OF NEW YORK (hereinafter referred to as the "CITY") more

    specifically the NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as the

"NYPD"). For the purposes of this litigation, NYPD may be used interchangeably with Defendant CITY to identify the employer which is Defendant CITY.

## DEFENDANTS

5.  Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the CITY and State of New York. CITY is authorized by law to maintain a Police Department ("NYPD") that acts as its agent and for which it is ultimately responsible.

6.  Defendant CITY is an employer as defined in Title VII, employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

7.  Defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD") operates under the direct authority of the CITY and is the official CITY agency and maintains control offices at 1 Police Plaza, New York, New York.

8.  Defendant RAYMOND KELLY ("KELLY") was at all relevant times the Commissioner of the NYPD and is sued in his individual and official capacity.

9.  Defendant INSPECTOR MICHAEL C. PHIPPS ("PHIPPS"), a white male, was at all relevant times an Inspector for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant PHIPPS was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

10. Defendant SERGEANT STEPHEN HERNANDEZ ("HERNANDEZ"), a male, was at all relevant times a SERGEANT for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant HERNANDEZ was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

11. Defendant LIEUTENANT DAVID SMITH ("SMITH"), a white male, was at all relevant times a Lieutenant for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant SMITH was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

12. Defendant DEPUTY INSPECTOR THOMAS HOGAN ("HOGAN"), a white male, was at all relevant times a Deputy Inspector for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant HOGAN was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

13. Defendant LIEUTENANT KENNETH HARSCH ("HARSCH"), a white male, was at all relevant times a Lieutenant for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant HARSCH was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

## PROCEDURAL REQUIREMENTS

14. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

15. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

16. On or about September 10, 2012, Plaintiff submitted a complaint with the EEOC under charge number 520-2012-02984.

17. On or about April 15, 2013, Plaintiff received a Notice of Right to Sue letter (Exhibit A) from the EEOC.

## FACTUAL BACKGROUND

18. Plaintiff HARRIS is a black male who complained of race and color discrimination, harassment, hostile work environment and retaliation. Said information was known to all defendants.

19. Plaintiff HARRIS is employed by the CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT. His date of appointment was June 30, 1992.

20. Plaintiff has been subjected to a continuing pattern and practice of discrimination and hostile work environment based upon his race and color, and in retaliation for complaining about defendants' discriminatory actions and other wrongdoings.

21. Plaintiff asserts that the defendants engage in a pattern and practice of discrimination against blacks and other minority officers.

22. On or about May 6, 2010, Plaintiff commenced a lawsuit against Defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT. The case was settled June 2011, or thereabout.

23. Thereafter, Plaintiff HARRIS has been repeatedly discriminated against, in retaliation for the above-mentioned lawsuit.

24. On or about May 3, 2011, Plaintiff received a Command Discipline ("CD") for doing overtime without prior approval. He was not to be allowed to perform "programmic/ detail overtime" for four weeks.

25. P.G. 206-04 states that upon substantiation of a Command Discipline allegation, a commanding officer may impose a penalty restricting out-of-command assignments which pay "portal-to-portal" and overtime for a fixed period, not to exceed five (5) such assignments. (Emphasis added.)

26. However, Plaintiff was in fact denied such overtime for <u>seven</u> weeks, in obvious violation of the aforementioned Patrol Guide section.

27. Similarly situated white officers were never denied overtime beyond what was called for in the Patrol Guide Procedures.

28. On or about September 15, 2011, Plaintiff was removed from his steady post as Youth Officer at PSA #4.

29. Plaintiff had held that post for approximately four years prior to his removal.

30. No similarly situated white officers were removed from their permanent posts for no apparent reason.

31. Upon learning of Plaintiff's removal from the Youth Officer post at PSA #4, many community leaders and representatives wrote to Defendant PHIPPS expressing admiration for Plaintiff in performance of his post, and extolling Plaintiff's efforts in the community. They also expressed concern over what the loss of Plaintiff's energy and help would mean to their community.

32. Specifically, a representative of the Al Smith Recreation Center, the President of "Boyz 4 Life" – a non-profit dedicated to uplifting the community through sports and education, the President of PSA #4, the Custodian Engineer of P.S. 34, the Presidents and other officers of multiple housing associations in the community, as well as many others all lamented losing Plaintiff as Youth Officer, and expressed the pleasure they had in dealing with him in the past.

33. No complaints had ever been lodged against Plaintiff.

34. Plaintiff had received good evaluations and feedback in the past.

35. Plaintiff has received numerous medals and commendations for his service.

36. Sergeant Pamela D. Bumpars, Plaintiff's immediate supervisor for most of the time he was Youth Officer at PSA #4, even wrote a letter on Plaintiff's behalf. In the letter she noted that Plaintiff "went beyond the scope of his general duties as Youth Officer" and even assisted in the apprehension of numerous suspects and criminals. As a result of Plaintiff's diligence, dedication and assistance, he "earned Highly Competent Evaluations" for the years 2008 through 2010.

37. Sergeant Bumpars further notes that as the sole "supervisor responsible for assessing and evaluating his yearly performance", she neither experienced a lack in Plaintiff's integrity or competence, nor was she ever informed of such. She was "shocked" to learn of his removal from the Youth Officer post.

38. On or about October 20, 2011, Plaintiff filed an EEO complaint with Defendant NEW YORK CITY POLICE DEPARTMENT.

39. Since that time, Plaintiff has repeatedly requested overtime of "RDO only", "CRV", "Impact", "Presidential Detail", "Umbrella", "Barriers" and "Special Assignments and Parades" but has not been granted any.

40. No similarly situated white officers have been denied overtime in such an extensive manner or for such an extensive period.

41. At or around the above mentioned date, Plaintiff's overtime chart (or copies thereof) was displayed in the men's locker room, and was also left carelessly about the command. The chart is considered confidential and the data contained therein must be safeguarded from unauthorized use or disclosure in accordance with the User Responsibility Policy published by the New York City Department of Information Technology and Telecommunications.

42. None of the white officers' files have been displayed in such a way.

43. Defendant HERNANDEZ lowered Plaintiff's evaluation despite the fact that he was Plaintiff's supervisor for only about three months out of the twelve months included in that specific evaluation cycle. Additionally, Defendant HERNANDEZ failed to even consult with Sergeant Bumpars, who had been Plaintiff's supervisor for the approximately nine of the twelve months of that evaluation cycle.

44. In response to his EEO complaint, Plaintiff was required to appear at a "GO-15" hearing. The question and answer session was unnecessarily adversarial towards Plaintiff, to the extent that the National Latino Officers Association representative was so outraged by the conduct of the hearing officer that he was compelled to write a complaint letter. Said letter became the basis for further retaliation against Plaintiff.

45. The result of the EEO investigation was an "unsubstantiated" finding. When Plaintiff requested the documents and/or findings which served as the basis for the unsubstantiated finding Defendants refused to provide such.

46. Plaintiff then filed a Freedom of Information Law request for the same information, but his request was again denied.

47. Clearly, due process would dictate that upon conclusion of an investigation the conduction of which required Plaintiff to give his statement and whose finding was "unsubstantiated", Plaintiff should be entitled to the evidence and/or information that was the basis for said determination.

48. Upon information and belief, the failure to respond and/or the denying of Plaintiff's Freedom of Information Law requests were also in retaliation for Plaintiff having lodged his EEO complaint.

49. On or about June 27, 2012, Plaintiff filed another EEO complaint with Defendant NEW
    YORK CITY POLICE DEPARTMENT for the indefinite suspension of his overtime.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

50. Plaintiff re-alleges paragraphs 1 through 49 and incorporates them by reference as
    paragraphs 1 through 49 of Count I of this Complaint.

51. Plaintiff alleges that defendant CITY through its agents engaged in a pattern and practice
    of discrimination against him with respect to the terms, conditions and privileges of
    employment because of the plaintiff's race in violation of 42 U.S.C. § 2000e-2.

52. As a result of the acts of defendants under color of law, plaintiff suffered emotional
    distress, humiliation and embarrassment, medical and legal expenses, and out of pocket
    expenses for telephone, postage, and other costs of pursuing the claims herein.

### COUNT II
### COLOR DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

53. Plaintiff re-alleges paragraphs 1 through 52 and incorporates them by reference as
    paragraphs 1 through 52 of Count II of this Complaint.

54. Plaintiff alleges that defendant CITY through its agents engaged in a pattern and practice
    of discrimination against him with respect to the terms, conditions and privileges of
    employment because of the plaintiff's color in violation of 42 U.S.C. § 2000e-2.

55. As a result of the acts of defendants under color of law, plaintiff suffered emotional
    distress, humiliation and embarrassment, medical and legal expenses, and out of pocket
    expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT III
### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

56. Plaintiff re-alleges paragraphs 1 through 55 and incorporates them by reference as

paragraphs 1 through 55 of Count III of this Complaint.

57. Plaintiff alleges that defendant CITY through its agents engaged in various retaliatory

actions against plaintiff as a result of his opposition to race and color discrimination and

as a result of his filing such complaints with defendants and the EEOC, in violation of 42

U.S.C. § 2000e-3(a).

58. That as a result of the illegal acts of defendant CITY through its agents, plaintiff suffered

depression and anxiety.

## COUNT IV
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

59. Plaintiff re-alleges paragraphs 1 through 58 and incorporates them by reference as

paragraphs 1 through 58 of Count IV of this Complaint.

60. Plaintiff alleges that Defendant CITY through its agents engaged in various severe and

hostile actions towards plaintiff as a result of his opposition to race and color

discrimination and as a result of his filing such complaints with the NEW YORK CITY

POLICE DEPARTMENT and the EEOC.

61. That as a result of the severe and hostile acts of the Defendant CITY through its agents,

plaintiff suffered depression, anxiety and loss of job opportunities.

## COUNT V
### RACE DISCRIMINATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

62. Plaintiff re-alleges paragraphs 1 through 61 and incorporates them by reference as

paragraphs 1 through 61 of Count V of this Complaint.

63. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,
RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR
MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT
DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT
KENNETH HARSCH, under color of law, personally interfered with and deprived
plaintiff of his constitutional rights, including the rights: to enjoy freedom of speech, to
petition his government for redress of his grievances, to be secure in his person, to enjoy
privacy, to be free from deprivation of life, liberty, and property without due process of
law.

64. Defendants INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN
HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS
HOGAN and LIEUTENANT KENNETH HARSCH, acting individually and in their
official capacities as public officials of defendant CITY under color of law, and having
been fully advised that plaintiff was being deprived of his constitutional rights, either
acted in a concerted, malicious intentional pattern to further discriminate against plaintiff,
or knowing such discrimination was taking place, knowingly omitted to act to protect
plaintiff from continuing deprivations of his rights to enjoy freedom of speech, to petition
his government for redress of his grievances, to be secure in his person, to enjoy privacy,
to be free from deprivation of life, liberty, and property without due process of law, all in
violation of 42 U.S.C. § 1983.

65. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,
RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR

MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT

DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT

KENNETH HARSCH,  in acting to deprive plaintiff's rights, acted intentionally,

knowingly, willfully, and with gross disregard of plaintiff's rights.

66. As a result of the acts of the defendants CITY OF NEW YORK, NEW YORK CITY

POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police

Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN

HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS

HOGAN and LIEUTENANT KENNETH HARSCH, under color of law, plaintiff

suffered emotional distress, monetary damage, and incurred medical and legal expenses,

and out of pocket expenses for telephone, postage, and other costs of pursuing the claims

herein.

## COUNT VI
### COLOR DISCRIMINATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

67. Plaintiff re-alleges paragraphs 1 through 66 and incorporates them by reference as

paragraphs 1 through 66 of Count VI of this Complaint.

68. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,

RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR

MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT

DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT

KENNETH HARSCH, under color of law, personally interfered with and deprived

plaintiff of his constitutional rights, including the rights: to enjoy freedom of speech, to

petition his government for redress of his grievances, to be secure in his person, to enjoy

privacy, to be free from deprivation of life, liberty, and property without due process of law.

69. Defendants INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, acting individually and in their official capacities as public officials of defendant CITY under color of law, and having been fully advised that plaintiff was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

70. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

71. As a result of the acts of the defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS

HOGAN and LIEUTENANT KENNETH HARSCH, under color of law, plaintiff

suffered emotional distress, monetary damage, and incurred medical and legal expenses,

and out of pocket expenses for telephone, postage, and other costs of pursuing the claims

herein.

<u>COUNT VII</u>
**RETALIATION IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

72. Plaintiff re-alleges paragraphs 1 through 71 and incorporates them by reference as

paragraphs 1 through 71 of Count VII of this Complaint.

73. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,

RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR

MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT

DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT

KENNETH HARSCH, under color of law, personally interfered with and deprived

plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of

speech, to petition his government for redress of his grievances, to be secure in his

person, to enjoy privacy, to be free from deprivation of life, liberty, and property without

due process of law.

74. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,

RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR

MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT

DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT

KENNETH HARSCH,  acting individually and in their official capacities as public

officials of defendant CITY, under color of law, and having been fully advised that

plaintiff was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff by engaging in retaliatory acts, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

75. As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT VIII
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

76. Plaintiff re-alleges paragraphs 1 through 75 and incorporates them by reference as paragraphs 1 through 75 of Count VIII of this Complaint.

77. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, under color of law, personally interfered with and deprived plaintiff of his constitutional rights, including the rights: to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of

law.

78. Defendants  CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,

RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR

MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT

DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT

KENNETH HARSCH, acting individually and in their official capacities as public

officials of defendant CITY, under color of law, and having been fully advised that

plaintiff was being deprived of his pension and constitutional rights, either acted in a

concerted, malicious intentional pattern to further discriminate against plaintiff, or

knowing such discrimination was taking place, knowingly omitted to act to protect

plaintiff from continuing deprivations of his rights to enjoy freedom of speech, to petition

his government for redress of his grievances, to be secure in his person, to enjoy privacy,

to be free from deprivation of life, liberty, and property without due process of law, all in

violation of 42 U.S.C. § 1983.

79. As a result of the acts of the defendants' under color of law, plaintiff suffered emotional

distress, monetary damage, loss of pension rights, and incurred medical and legal

expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing

the claims herein.

## COUNT IX
### RACE DISCRIMINATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

80. Plaintiff re-alleges paragraphs 1 through 79 and incorporates them by reference as

paragraphs 1 through 79 of Count IX of this Complaint.

81. That by the aforesaid discriminatory acts and omissions of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, acting individually and in their official capacities as public officials of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

82. That the purpose of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, to petition his government for redress of his grievances, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

83. Pursuant to their conduct, the Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, acted to deprive the plaintiff of his

civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and

threat, all in violation of 42 U.S.C. § 1981.

84. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered

mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages.

**COUNT X**
**COLOR DISCRIMINATION IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

85. Plaintiff re-alleges paragraphs 1 through 84 and incorporates them by reference as

paragraphs 1 through 84 of Count X of this Complaint.

86. That by the aforesaid discriminatory acts and omissions of Defendants CITY OF NEW

YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY,

Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS,

SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY

INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, acting

individually and in their official capacities as public officials of defendant CITY

interfered with plaintiff's right to enforce contracts under the color of State Law.

87. That the purpose of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE

DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department,

INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ,

LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and

LIEUTENANT KENNETH HARSCH, in so acting was to prevent plaintiff, through

economic and psychological intimidation, from seeking the equal protection of the laws,

and from enjoying the equal privileges and immunities of citizens under the Constitution

and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, to petition his government for redress of his grievances, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

88. Pursuant to their conduct, the Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

89. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT XI
### RETALIATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

90. Plaintiff re-alleges paragraphs 1 through 89 and incorporates them by reference as paragraphs 1 through 89 of Count XI of this Complaint.

91. Plaintiff alleges that Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, acting individually and in their official capacities

as public officials of defendant CITY, engaged in various retaliatory actions against plaintiff as a result of his opposition to race and color discrimination.

92. That the purpose of Defendants acting individually and in their official capacities as public officials of defendant CITY, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

93. Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

94. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT XII
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

95. Plaintiff re-alleges paragraphs 1 through 94 and incorporates them by reference as paragraphs 1 through 94 of Count XII of this Complaint.

96. Plaintiff alleges that Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, acting individually and in their official capacities

as public officials of defendant CITY, engaged in various severe and hostile actions against plaintiff as a result of his opposition to race and color discrimination.

97. That the purpose of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

98. Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

99. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT XIII
## RACE DISCRIMINATION IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

100.  Plaintiff re-alleges paragraphs 1 through 99 and incorporates them by reference as paragraphs 1 through 99 of Count XIII of this Complaint.

101.  Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race for having made charges of same.

102.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, discriminated against the Plaintiff based on his race for having made charges of same.

103.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, plaintiff has suffered the indignity of race discrimination, and great humiliation.

104.    Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH's violations, Plaintiff has been damaged.

## COUNT XIV
### COLOR DISCRIMINATION IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

105.    Plaintiff re-alleges paragraphs 1 through 104 and incorporates them by reference as paragraphs 1 through 104 of Count XIV of this Complaint.

106.     Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon color for having made charges of same.

107.     Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, discriminated against the Plaintiff based on his color for having made charges of same.

108.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, plaintiff has suffered the indignity of color discrimination, and great humiliation.

109.     Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH's violations, Plaintiff has been damaged.

<u>COUNT XV</u>
**RETALIATION IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

110.     Plaintiff re-alleges paragraphs 1 through 109 and incorporates them by reference as paragraphs 1 through 109 of Count XV of this Complaint.

111.     Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race and color and makes it illegal to retaliate for charging same.

112.     Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH discriminated against the Plaintiff based on race and color and in retaliation for charging same.

113.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, plaintiff has suffered the indignity of retaliation and great humiliation.

114.     Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC

Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH's violations, Plaintiff has been damaged.

### COUNT XVI
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW §296

115.    Plaintiff re-alleges paragraphs 1 through 114 and incorporates them by reference as paragraphs 1 through 114 of Count XVI of this Complaint.

116.    Plaintiff alleges that New York State Executive Law §296, makes it unlawful to create, condone and/or tolerate a hostile working environment based upon race or color, harassment, and retaliation.

117.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH created, condoned and tolerated a hostile working environment which negatively affected the terms and conditions of his employment.

118.    Plaintiff alleges that Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS

HOGAN and LIEUTENANT KENNETH HARSCH created, condoned and tolerated a hostile working environment which caused Plaintiff to sustain damages.

## COUNT XVII
### RACE DISCRIMINATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-107

119.    Plaintiff re-alleges paragraphs 1 through 118 and incorporates them by reference as paragraphs 1 through 118 of Count XVII of this Complaint.

120.    Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race and makes it illegal to retaliate for charging same.

121.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH discriminated against the Plaintiff based upon his race and in retaliation for charging same.

122.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, Plaintiff has suffered the indignity of race discrimination, retaliation and great humiliation.

123.        Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH's violations, Plaintiff has been damaged.

**COUNT XVIII**
**COLOR DISCRIMINATION IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

124.        Plaintiff re-alleges paragraphs 1 through 123 and incorporates them by reference as paragraphs 1 through 123 of Count XVIII of this Complaint.

125.        Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon color and makes it illegal to retaliate for charging same.

126.        Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH discriminated against the Plaintiff based upon his color and in retaliation for charging same.

127.        Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ,

LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, Plaintiff has suffered the indignity of color discrimination, retaliation and great humiliation.

128.     Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH's violations, Plaintiff has been damaged.

**COUNT XIX**
**RETALIATION IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE §8-107**

129.     Plaintiff re-alleges paragraphs 1 through 128 and incorporates them by reference as paragraphs 1 through 128 of Count XIX of this Complaint.

130.     Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race and color and makes it illegal to retaliate for charging same.

131.     Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH discriminated against the Plaintiff based upon his race and color and in retaliation for charging same.

132.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH, Plaintiff has suffered the indignity of race and color discrimination, retaliation and great humiliation.

133.    Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH's violations, Plaintiff has been damaged.

## COUNT XX
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE §8-107

134.    Plaintiff re-alleges paragraphs 1 through 133 and incorporates them by reference as paragraphs 1 through 133 of Count XX of this Complaint.

135.    Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to create, condone or and/or tolerate a hostile working environment based upon race and color discrimination, and retaliation for charging same.

136.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS,

SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH created, condoned and/or tolerated a hostile working environment which negatively affected the terms and conditions of his employment.

137.    Plaintiff alleges that defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, INSPECTOR MICHAEL C. PHIPPS, SERGEANT STEPHEN HERNANDEZ, LIEUTENANT DAVID SMITH, DEPUTY INSPECTOR THOMAS HOGAN and LIEUTENANT KENNETH HARSCH's violations caused Plaintiff to sustain damages.

## JURY TRIAL

138.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands compensatory and punitive damages from these Defendants jointly and severally, in an amount to be determined at trial, plus any available statutory remedies, both legal and equitable, and interests and costs.

Dated: July 12, 2013
       Lake Success, New York

                              Yours, etc.,

                              **CRONIN & BYCZEK, LLP**
                              *Attorneys for Plaintiff*

                       BY: _____
                              Moshe C. Bobker
                              1983 Marcus Avenue, Suite C-120
                              Lake Success, New York 11042
                              (516) 358-1700

EXHIBIT "A"

1

EEOC Form 161-B (11/09)

## U.S. Equal Employment Opportunity Commission

## Notice of Right to Sue (Issued on Request)

| | |
|---|---|
| To: Alonzo Harris<br>2400 Hunter Avenue<br>Bronx, NY 10475 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2012-02984 | Jeanette P. Wooten,<br>Investigator | (212) 336-3753 |

(See also the additional information enclosed with this form.)

**Notice to the Person Aggrieved:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Kevin J. Berry_     4/15/13

Enclosures(s)

**Kevin J. Berry,**
**District Director**

(Date Mailed)

cc:

Eileen Flaherty, Esq.
Assistant Counsel
NYPD - LEGAL BUREAU
One Police Plaza Room 1406
New York, NY 10007

Rocco G. Avallone
CRONIN & BYCZEK, LLP
Fountains at Lake Succes
1983 Marcus Avenue, Suite C-120
Lake Succes, NY 11042

Index No.                    Year 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALONZO HARRIS,

Plaintiffs

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

## SUMMONS AND COMPLAINT

**CRONIN & BYCZEK, LLP**
**ATTORNEYS AT LAW**
**1983 MARCUS AVENUE**
**SUITE C120**
**LAKE SUCCESS, NY 11042**

**(516) 358-1700**

To:

Attorney(s) for

Service of a copy of the within                                          is hereby admitted.

Dated:
........................................................

Attorney(s) for

## PLEASE TAKE NOTICE

☐          that the within is a (certified) true copy of a
NOTICE OF    entered in the office of the clerk of the within named Court on                    20
ENTRY

☐          that an Order of which the within is a true copy will be presented for settlement to the Hon.
NOTICE OF               one of the judges of the within named Court,
SETTLEMENT  at
            on                          20        , at                    M.

Dated:

**CRONIN & BYCZEK, LLP**
**ATTORNEYS AT LAW**
**1983 MARCUS AVENUE**
**SUITE C120**
**LAKE SUCCESS, NY 11042**

**(516) 358-1700**

To: